IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                      No. CR 09-3561 JB

OBIDIO URIVE-GONZALEZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed March 24, 2010 (Doc. 20). The Court held a sentencing hearing on June 10, 2010. The primary issue is whether the Court should depart from the guideline imprisonment range of 12 to 18 months and sentence Defendant Obidio Urive-Gonzalez to a sentence of less than a year. Because Urive-Gonzalez' criminal history is extensive and serious, the Court concludes that neither a departure nor a variance are warranted under the facts of this case, and the Court will deny Urive-Gonzalez' requests and sentence him to the low end of the guideline range -- 12 months and 1 day.

## PROCEDURAL BACKGROUND

On December 15, 2009, Urive-Gonzalez pled guilty, pursuant to a non-standard fast-track plea agreement, to an information charging a violation of 8 U.S.C. §§ 1326(a) and (b) -- re-entry of a removed alien. See Non-Standard Fast Track Plea Agreement, filed December 15, 2009 (Doc. 15). The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Urive-Gonzalez on February 10, 2010. In the PSR, the USPO calculated Urive-Gonzalez' offense level to be 10 and his criminal history category to be IV, establishing a guideline

imprisonment range of 15 to 21 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the non-standard fast-track plea agreement, which stipulates to an offense level of 9. An offense level of 9 combined with a criminal history category of IV establishes a guideline imprisonment range of 12 to 18 months.

On March 24, 2010, Urive-Gonzalez filed a sentencing memorandum. He requests a downward departure pursuant to U.S.S.G. § 5K2.0, based on specific offender characteristics. Specifically, he requests the Court to consider his mental and emotional conditions, pursuant to U.S.S.G. § 5H1.3; and his family ties and responsibilities, pursuant to U.S.S.G. § 5H1.6. See Sentencing Memo. at 11. Urive-Gonzalez argues that his wife was diagnosed with cancer and dying, and it was necessary for him to bury her in Mexico and then return to the United States to retrieve her belongings. See id. at 10. He argues that he has been extremely distressed over his wife's sickness and death and suffers from depression. See id. He also argues that he is the sole provider for his family. See id. at 11. He also requests a downward departure based on substantial overrepresentation of his criminal history, pursuant to U.S.S.G. § 4A1.3 and U.S.S.G. § 5H1.8. He contends that his criminal history is overrepresented, because he received points for returning illegally to the United States less than two years after he was released from custody and because he illegally reentered while on probation. See id. at 11-12. Urive-Gonzalez also requests a variance from the guideline sentencing range. See id. at 1. The United States opposes Urive-Gonzalez' request for a downward departure and any variance from the guideline sentencing range, and requests that the Court impose a within-guideline range sentence. See United States' Response to Defendant's Sentencing Memorandum Filed March 24, 2010 (Doc. 20) at 2, filed March 30, 2010 (Doc. 21).

**ANALYSIS**

Urive-Gonzalez requests that the Court reduce his criminal history category from category IV to a category III based on his mental and emotional condition, family ties, and overrepresentation of his criminal history. Because the facts and circumstances of this case do not justify a downward departure based on the justifications Urive-Gonzalez advocates, the Court will deny his request for a downward departure. The Court will also deny his request for a variance.

**I.     A DOWNWARD DEPARTURE IS NOT WARRANTED.**

The Court does not believe a downward departure based on Urive-Gonzalez' mental and emotional condition, or based on his family ties, is appropriate. Extraordinary circumstances are required to warrant a departure based on a defendant's family ties or his mental and emotional condition. See U.S.S.G. § 5K2.0(a)(4)("An offender characteristic or other circumstance identified in Chapter 5, Part H (Offender Characteristics) or elsewhere in the guidelines as not ordinarily relevant in determining whether a departure is warranted may be relevant to this determination only if such offender characteristic or other circumstance is present to an exceptional degree."). The United States Court of Appeals for the Tenth Circuit has determined that "family responsibilities are a discouraged factor which the district court should consider only in the most extraordinary cases." United States v. Ramirez-Jimenez, 193 Fed. Appx. 811, 816 (10th Cir. 2006)(citing United States v. McClatchey, 316 F.3d 1122, 1130 (10th Cir. 2003)). The Court acknowledges that the guidelines authorize departure on those grounds, but does not think Urive-Gonzalez' circumstances are extraordinary. Similarly, while the Court is sympathetic to Urive-Gonzalez' situation, the Court does not believe that his circumstances are sufficiently unique to warrant a downward departure. Unfortunately, many defendants have similar family ties and return illegally into the United States because of an illness or death in the family, and the Court is unable to distinguish the circumstances

in this case from the heartland of cases with such circumstances. The Court, therefore, will deny Urive-Gonzalez' a downward departure based on family ties or on mental and emotional conditions.

The Court also does not believe that a criminal history category of IV substantially overrepresents Urive-Gonzalez' criminal history. Downward departures for overrepresentation of criminal history are appropriate if "the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1). While the 3 points assessed for re-entry within 2 years of release from prison and while on unsupervised probation might strike Urive-Gonzalez' as excessive, they reflect that Urive-Gonzalez continues to commit the same sort of crime. He has also been committing crimes for quite some time, including a felony conviction for possession of cocaine and six misdemeanor convictions. See PSR ¶¶ 4, 21-27, at 3, 5-7. The Court does not believe that Urive-Gonzalez has met the burden of showing that his criminal history category substantially overrepresents his criminal history. The Court, therefore, denies his request for a downward departure based on overrepresentation of his criminal history.

## II.     A VARIANCE FROM THE ADVISORY GUIDELINE RANGE IS NOT WARRANTED.

Having denied Urive-Gonzalez' request for a downward departure, the Court adopts the USPO's guideline calculations in the PSR as its own. After the downward departure pursuant to rule 11(c)(1)(C), Urive Gonzalez' offense level is 9 and his criminal history category is IV, establishing a guideline imprisonment range of 12 to 18 months. The Court has carefully considered the guidelines and has considered other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant, and the Court believes, after careful consideration of the factors

set forth in 18 U.S.C. § 3553(a), that the punishment set forth in the guidelines is appropriate for this offense. The Court will, therefore, deny Urive-Gonzalez' request for a variance.

Upon reading the parties' briefing in preparation for the sentencing hearing, the Court was initially inclined, based on the sheer length of Urive-Gonzalez' criminal history, to impose a sentence in the middle of the guideline imprisonment range -- a sentence of 15 months. Upon further consideration of Urive-Gonzalez' circumstances and the arguments of his attorney, however, the Court believes a sentence at the low end of the guideline range -- 12 months and 1 day -- is appropriate for this offense. This sentence reflects the seriousness of the offense and promotes respect for the law. Because Urive-Gonzalez returned to the United States so quickly after his deportation, the Court's sentence should stress adequate deterrence and a sentence of 12 months and 1 day provides such deterrence. It is a longer sentence that Urive-Gonzalez previously served for his past convictions -- he received a 6-month sentence for his most recent conviction for possession of cocaine and DWI. A sentence of 12 months and 1 day promotes respect for the law and reflects the seriousness of the offense. The sentence also protects the public. In the end, the Court finds that a sentence of 12 months and 1 day fully and effectively reflects each of the factors set forth in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- this sentence is reasonable and comes within the guidelines. Finally, the Court believes a sentence of 12 months and 1 day is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that Defendant Obidio Urive-Gonzalez' requests in his Sentencing Memorandum are denied.  The Court sentences Urive-Gonzalez to a term of 12  months and 1 day in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth Gonzales
  United States Attorney
Lynn Wei-Yu Wang
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

P. Jeffery Jones
Santa Fe, New Mexico

    *Attorney for the Defendant*